## Case No. 15,749.

### UNITED STATES v. MAXWELL.

[1 Cranch, C. C. 605.] 1

Circuit Court, District of Columbia. Dec. Term, 1809.

#### WITNESS—COMPETENCY—INTEREST.

1. On an indictment for bigamy, a person who has an action pending against the prisoner for goods furnished to the supposed first wife, is an incompetent witness (by reason of his interest) to prove the first marriage.

[Sited in U. S. v. Anderson, Case No. 14,452.]

2. Quære,—whether, after a nolle prosequi, entered without the defendant's consent, and after the jury is sworn, he can be held to answer again for the same offence?

Indictment [against George Maxwell] for bigamy.

The right of peremptory challenge was allowed to the defendant without being questioned by the attorney for the United States.

F. S. Key and Mr. Morsell, for the defendant, objected to a witness because interested; the witness having a suit against the defendant for necessaries furnished to the first wife. The verdict in this cause is prima facie evidence of the marriage in that suit. So in an indictment for forgery, the party whose name is forged is not a competent witness. So in perjury, a conviction is conclusive evidence in another suit. Bul. N. P. 245; Boyle v. Boyle, 3 Mod. 164; S. P. McNally, 142. In Dr. Dodd's Case, Lord Chesterfield was rejected until he had a release from the obligee named in the forged bond. Peake, Ev. 100; Rex v. Whiting, 1 Salk. 283.

Mr. Jones, contra. The authorities cited only go to the cases of forgery or perjury. Here the witness says on the voir dire that he does not consider himself as interested. McNally, 140. If evidence at all, it is conclusive, if not conclusive it is no evidence. A conviction for assault and battery cannot be given in evidence in the civil suit. The cases in Buller are between the same parties. Abrahams v. Bunn [4 Burrows, 2251] Peake, Ev. 95; McNally, 107, 144.

THE COURT (CRANCH, Chief Judge, doubting) decided that the witness was incompetent, by reason of the interest, being inclined to think that the verdict might be given in evidence for the witness in his suit for the support of the first wife.

Mr. Jones, for the United States, offered a nolle prosequi to be entered, and the jury was discharged.

Mr. Jones, then moved the court to bind the prisoner over to answer to such an indictment at the next term.

THE COURT said they should take time to consider till tomorrow.

Mr. Key objected that the court could not recommit the prisoner, as there was no charge upon the oath of a competent witness.

The question does not appear to have been moved again.